```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


MARCUS PEREZ,                     :
                                  :   Civil Action No. 10-6586 (RBK)
          Plaintiff,              :
                                  :
     v.                           :   MEMORANDUM OPINION
                                  :
ATLANTIC CARE HOSPITAL,           :
                                  :
          Defendant.              :
```

**APPEARANCES:**

Plaintiff pro se
Marcus Perez
DIN # 10-A-5192
Wende Correctional Facility
Wende Road
P.O. Box 1187
Alden, NY 14004-1187

**KUGLER**, District Judge

Plaintiff Marcus Perez, a prisoner confined at Wende Correctional Facility in Alden, New York, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

In addition, it is not clear that this Court can exercise jurisdiction over Plaintiff's claims.

Federal Rule of Civil Procedure 8(a) requires the plaintiff in a federal action to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends."  Here, Plaintiff has made no such jurisdictional statement.

Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor. Packard v. Provident National Bank, 994 F.2d 1039 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993); Temple Univ. v. White, 941 F.2d 201 (3d Cir. 1991), cert. denied sub nom. Snider v. Temple Univ., 502 U.S. 1032 (1992); TM Marketing, Inc. v. Art & Antiques Assocs., L.P., 803 F. Supp. 994 (D.N.J. 1992). If jurisdiction is lacking, the court must dismiss the action, regardless of the stage of the litigation. Trent Realty Assocs. v. First Federal Sav. & Loan Ass'n, 657 F.2d 29, 36 (3d Cir. 1981); TM Marketing, supra, 803 F. Supp. at 997; Carney v. Dexter Shoe Co., 701 F. Supp. 1093, 1100 (D.N.J. 1988). A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power. See First American Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction).

Plaintiff has asserted no facts suggesting a basis for this Court to exercise federal question jurisdiction under 28 U.S.C. § 1331. The claim cannot be construed as a claim under 42 U.S.C. § 1983. A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Plaintiff has alleged no facts suggesting that the defendants are state actors, and Plaintiff does not allege the violation of a federal statutory or constitutional right.

Nor are any facts alleged suggesting that the defendants federal officers or employees. Accordingly, there is no basis for asserting jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., or Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

The facts asserted here suggest only a state-law tort claim for medical malpractice. Plaintiff does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332,

5

however, and the facts alleged do not establish a basis for diversity jurisdiction.  Section 1332 can provide jurisdiction over state-law claims if, in the provision pertinent here, such claims are between "citizens of different States."  A plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states."  American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction").  Here, however, Plaintiff alleges no facts that would permit this Court to determine either his citizenship or the citizenship of the individual defendants.[1]

A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  Thus, it appears that Atlantic Care Hospital may be a citizen of New Jersey.

---

[1] Plaintiff alleges claims against Atlantic Care Hospital and "its board of directors, every member separately and individually by whatsoever names they use."  However, Plaintiff fails, in the body of the Complaint, to provide any identifying information or any information regarding the citizenship(s) of the individual defendants.

6

Specifically with respect to individuals, however,

> For purposes of determining diversity, state citizenship is equated with domicile. Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another. Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile. Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. ...

McCracken v. Murphy, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted), aff'd, 129 Fed.Appx. 701 (3d Cir. 2005). Plaintiff has alleged no facts regarding the citizenship of the individual defendants.

"For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." McCracken, 328 F.Supp.2d at 532 (citing Flanagan v. Shively, 783 F.Supp. 922, 935 (E.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992)). Plaintiff has alleged no facts regarding his own citizenship. The fact of incarceration in New York is not sufficient, of itself, to establish citizenship in New York.

The Court is mindful that Plaintiff appears here as a pro se plaintiff and therefore his complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, the Court

can discern no basis, at present, for asserting jurisdiction over this action. "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Packard v. Provident Nat'l Bank, supra, 994 F.2d at 1045. For a court properly to assume jurisdiction over an action under § 1332, complete diversity must be apparent from the pleadings. Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd., 777 F. Supp. 1153 (S.D.N.Y. 1991) (complaint dismissed for lack of diversity jurisdiction where corporate plaintiff failed to allege its own and defendant corporation's principal places of business). Thus, in the present case, where the complaint fails to assert facts suggesting either federal-question or diversity jurisdiction, dismissal without prejudice for lack of jurisdiction would be proper. See Joyce v. Joyce, 975 F.2d 379 (7th Cir. 1992) (affirming district court's sua sponte dismissal for lack of subject-matter jurisdiction where jurisdictional defect was incurable).

As this case will be administratively terminated because the application for leave to proceed in forma pauperis is deficient, this Court need not determine the jurisdictional question at this time. However, in any motion to re-open this matter, the Plaintiff must assert facts establishing jurisdiction in this Court.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[2]

An appropriate Order will be entered.

s/Robert B. Kugler<br>
Robert B. Kugler<br>
United States District Judge

Dated: January 20, 2011

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).